IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BRADFORD,<br><br>    Petitioner,<br><br>vs.<br><br>J. SOLIS, Warden,<br><br>    Respondent.<br>_____ / | CASE NO. CV-F-03-6867 WMW HC<br><br>MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**DISCUSSION**

In this action, Petitioner contends that the trial court erred in denying his motion to suppress evidence obtained through the search of his car following a traffic stop. He claims that the trial court's decision on the issue was contrary to United States Supreme Court precedent regarding the Fourth Amendment, and that the police lacked reasonable suspicion to support the search

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. <u>Stone v. Powell</u>, 428 U.S. 465, 494,

96 S.Ct. 3037, 3052 (1976); <u>Woolery v. Arvan</u>, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994). The only inquiry this court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 899 (9th Cir. 1996); <u>see</u>, <u>also</u>, <u>Gordon v. Duran</u>, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under <u>Stone</u> was necessary).

The policy behind the <u>Stone</u> Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement. <u>Stone</u>, 428 U.S. at 492. However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. <u>See</u> <u>Stone</u>, 428 U.S. at 489-90; <u>Woolery</u>, 8 F.3d at 1327-28. Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

<u>Woolery</u>, 8 F.3d at 1326; <u>see also</u> <u>Stone</u>, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression hearing in the trial court, on his direct appeal (Unpublished Opinion in case no. F040090), and on his petition for review before the California Supreme Court, which was summarily denied. This court must find, therefore, that Petitioner had a full and fair opportunity to litigate this claim before the state courts. Accordingly, this court cannot grant Petitioner habeas corpus relief on his Fourth Amendment claim.

Based on the foregoing, IT IS HEREBY ORDERED that this petition for writ of habeas corpus is DENIED. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   July 31, 2006**                          **/s/  William M. Wunderlich**
mmkd34                                        UNITED STATES MAGISTRATE JUDGE